UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ERNESTINE GREEN, et al           CIVIL ACTION 3-04-697

VERSUS           U.S. DISTRICT JUDGE ROBERT G. JAMES

SHERIFF RICHARD FEWELL, et al
          U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a partial motion to dismiss, **Doc. 11**, filed by defendants and referred to me by the district judge.

This is a civil rights suit filed by the mother, siblings and illegitimate child of Charles Green, Jr., who was shot and killed by police after a high speed chase. The suit states that it is filed pursuant to 42 U. S. C. 1983 and other statutes to redress violations of the Fourth and Fourteenth Amendments to the United States Constitution.

Defendant asserts that, because plaintiffs admit in their complaint that Green is survived by a child and the child is a plaintiff in this suit, the mother and siblings have no cause or right of action for Constitutional violations. Plaintiffs argue that the Fifth Circuit has recognized rights to redress of a parent under the civil rights statutes.

<u>Law and Analysis</u>

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. <u>Nicastro v. Clinton</u>, 882

1

F.Supp. 1128, *affirmed* 84 F.3d 1446. The complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Strother v. Southern California Permanente Medical Group. 79 F.3d 859 (9th Cir. Cal. 1996). In deciding the motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint. City of Toledo v. Beazer Materials and Services, Inc., 833 F.Supp. 646 (N.D. Ohio 1993). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992).

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National R.R. Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), *vacated on other grounds*, 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 855 (1994); Doe, 753 F.2d at 1102. On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994), *citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

In Pluet v. Frasier, 355 F.3d 381, (5th Cir. 2004), Judge Garza explained that standing under the Civil Rights Statutes is guided by 42 U.S.C. 1988 which provides that state law fills in

the gaps in the civil rights statutes. "Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U. S. C. §§ 1981, 1983, and 1988." 355 F.3d at 383.

Louisiana's survival statute, LSA-CC Art. 2315.1(A), provides:

If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving."

Louisiana's wrongful death statute, LSA-CC 2315.2 contains similar provisions.

Here, Green had no spouse but he is survived by a child. Therefore, under the statute, only the child has a right to recover. Thus, pursuant to Pluet, only the child has a right to pursue a 1983 action.

3

Plaintiffs argue[1], however, that the Fifth Circuit "has not ruled that parents and siblings do not have an (sic) 14th Amendment right of association claim independent of a state's wrongful death statute," citing <u>Logan v. Hollier</u>, 711 F.2d 690 (5th Cir. 1983). At the time of Logan, perhaps the issue was undecided. However, Logan was decided 21 years before <u>Pluet</u> and was remanded to determine whether the plaintiff in that case had a cause of action. <u>Pluet</u> makes clear that she does not and that the right to recover under the civil rights statutes is determined by the state wrongful death statute.

Plaintiffs also point to a Seventh Circuit case and a Ninth Circuit case as controlling. However, we are bound by Fifth Circuit precedent; to the extent the holdings in those two cases are not consistent with <u>Pluet</u>, they are rejected.

For the foregoing reasons, IT IS RECOMMENDED that the partial motion to dismiss, Doc. #11, be GRANTED and that the claims of Ernestine Green, Charlette Green, Catrina Green, and Constance Beard be dismissed with prejudice.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72 (b), the parties have twenty (20) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

---

[1] Plaintiffs' attorney, who represents the minor child as well as the mother and siblings, has filed a brief opposing the motion to dismiss. It appears that the attorney has a serious conflict of interest in this case. The interests of the mother and siblings are clearly opposed to the interests of the minor child and if the mother and siblings were to be successful on their claims, the recovery by the minor child would thereby be reduced. The attorney is instructed to immediately evaluate whether he can continue to represent all of the plaintiffs in this action for purposes of objecting to this Report and Recommendation or appealing the final decision on this motion. Toward that end, the court will grant plaintiffs 20 days to file an objection to this Report and Recommendation.

within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge prior to a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TWENTY (20) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,  FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.  Douglass v. U.S.A.A., 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).**

**THUS DONE AND SIGNED** in chambers, in Alexandria, Louisiana, this the 18th day of August, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE