RECEIVED
IN MONROE, LA
SEP 2 6 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ERNESTINE GREEN, ET AL. | CIVIL ACTION NO. 04-697 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SHERIFF RICHARD FEWELL, ET AL. | MAG. JUDGE JAMES D. KIRK |

## RULING

Pending before the Court is a 12(b)(6) Motion for Partial Dismissal ("Motion to Dismiss") [Doc. No. 11] filed by Defendants Sheriff Richard Fewell and Dale Chellette seeking to dismiss several Plaintiffs. Plaintiffs have filed a Memorandum in Opposition to Defendants' Motion to Dismiss ("Opposition to Motion to Dismiss") [Doc. No. 13].

Magistrate Judge James D. Kirk has issued a Report and Recommendation [Doc. No. 25] recommending that Plaintiffs Ernestine Green, Charlette Green, Catrina Green, and Constance Beard be dismissed with prejudice.

For the following reasons, the Court ADOPTS Magistrate Judge Kirk's recommendation with the following additional analysis.

### I. FACTS AND PROCEDURAL HISTORY

This action is brought on behalf of decedent, Charles Green ("Green"), who was shot and killed by a police officer following a high speed chase. Green's mother, Ernestine Green; three sisters, Charlette Green, Catrina Green, and Constance Beard; and Green's child, Chenelle Powell,[1] filed suit pursuant to 42 U.S.C. § 1983 seeking redress for violations under the Fourth

---

[1] Chenelle Powell is a minor and represented by her mother, Jacqueline Powell.

and Fourteenth Amendments of the United States Constitution.

On February 25, 2005, Defendants filed a Motion to Dismiss arguing that none of the Plaintiffs, except the decedent's child, have standing to bring a 42 U.S.C. § 1983 action.

On March 15, 2005, Plaintiffs filed an opposition memorandum arguing that Plaintiffs have standing to bring suit.

On August 18, 2005, Magistrate Judge James D. Kirk issued a Report and Recommendation recommending that all Plaintiffs, except the decedent's child, be dismissed with prejudice.[2]

## II. LAW AND ANALYSIS

### A. Standing under the Civil Rights Statutes

The Fifth Circuit has recently held that "a party must have standing under the state wrongful death or survival statute to bring a claim under 42 U.S.C. §§ 1981, 1983 and 1988." *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004). Title 42 of the United States Code, Section 1988, provides that state common law is to be used to fill in any gaps in civil rights statutes. *Id.*

The Louisiana Civil Code survival statute states in pertinent part:

> If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

---

[2] Neither party has filed objections to Magistrate Judge Kirk's recommendation under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b).

>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving...

LA. CIV. CODE art. 2315.1(A)(2004).[3]

Defendants argue that because Green has no spouse and is survived by his minor child, only the child has standing under Louisiana's Civil Code to bring a cause of action under 42 U.S.C. § 1983. Defendants argue that because Plaintiffs do not have standing under Louisiana's Civil Code, Plaintiffs do not have standing to bring a 42 U.S.C. § 1983 action as provided by 42 U.S.C. § 1988.

Plaintiffs argue that the Fifth Circuit has not ruled whether parents and siblings have a Fourteenth Amendment right of association claim independent of a state's wrongful death statute, and they should be allowed to remain parties. Plaintiffs primarily rely on three cases to support their proposition: (1) *Logan v. Hollier*, 711 F.2d 690 (5th Cir. 1983); (2) *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984); and (3) *Curnow v. Ridgecrest Police*, 952 F.2d 321 (9th Cir. 1991).

First, Plaintiffs rely on *Logan* to support their proposition. *Logan* was a case remanded by the Fifth Circuit to determine the issue of whether a parent has a "constitutionally protected liberty interest in parenthood, separate and apart from the state law created wrongful death action." *Logan*, 711 F.2d at 690. The Fifth Circuit never made a determination on this issue in that case, and any decision by the district court was not published. The parties have not cited any

---

[3]Louisiana's wrongful death statute has very similar provisions. *See* LA. CIV. CODE art. 2315.2(A)(2004).

3

cases, and this Court is unaware of any cases, where the Fifth Circuit has <u>explicitly</u> ruled on this issue. While other circuit court cases are not binding on this Court, they are persuasive. The Court will briefly examine Plaintiffs' other cases.[4]

Plaintiffs also rely on *Bell* from the Seventh Circuit. *Bell* held that parents have a 42 U.S.C. § 1983 claim for breach of the parent-child relationship when their son is killed by police officers. *Bell*, 746 F.2d at 1243-44. However, *Bell* was recently overruled by the Seventh Circuit in *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005). In *Russ*, the Court held that its decision in *Bell* was not well grounded in Supreme Court precedent and primarily stood alone from other circuit courts.[5]

After careful examination, *Russ* overruled its prior decision in *Bell* finding that parents do not have a constitutional right to recover for the loss of "companionship of an adult child when that relationship is terminated as an incidental result of state action." *Russ*, 414 F.3d at 791.[6]

Plaintiffs also rely on *Curnow* from the Ninth Circuit. *Curnow* holds that parents have a liberty interest in companionship of their child under the Fourteenth Amendment. *Curnow*, 952

---

[4]It should be noted that the Seventh Circuit has the most recent discussion addressing Plaintiffs' argument in *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005).

[5]The Supreme Court recognizes a liberty interest in the parent-child relationship only where the "state took action specifically aimed at interfering with that relationship." *Russ*, 414 F.3d at 788 (noting *Daniels v. Williams*, 474 U.S. 327, 331 (1986), that the "guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property.").

[6] *Russ* cites to other circuit courts that have declined to adopt Plaintiffs' proposition. *See Trujillo v. Bd. of County Comm'rs*, 768 F.2d 1186 (10th Cir. 1985); *Valdivieso Ortiz v. Burgos*, 807 F.2d 6 (1st Cir. 1986); *McCurdy v. Dodd*, 352 F.3d 820 (3rd Cir. 2003); *Claybrook v. Birchwell*, 199 F.3d 350 (6th Cir. 2000); *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994); *Butera v. District of Columbia*, 235 F.3d 637 (D.C. Cir. 2001).

F.2d at 325. The Ninth Circuit, however, has been unclear as to whether the state action must be specifically aimed at interfering with the familial relationship or have a mere incidental effect on the familial relationship in order for a plaintiff to maintain a cause of action. Most circuits that have ruled on this issue allow plaintiffs to maintain a cause of action only when defendants have intentionally interfered with the familial relationship.

In the instant case, Plaintiffs have not pled any facts to suggest that Defendants intentionally interfered with the familial relationship. Although the Fifth Circuit has not explicitly ruled on whether the state action must be intentional or incidental, this Court finds the guidance by other circuits to be persuasive and declines to adopt Plaintiffs' argument.

Therefore, this Court agrees with the Magistrate Judge's recommendation that a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. § 1983.

## III. CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge James D. Kirk's Report and Recommendation [Doc. No. 25] with the additional analysis set forth in this ruling.

MONROE, LOUISIANA this **23** day of **September**, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE