UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| ERNESTINE GREEN, et al | CIVIL ACTION 3-04-697 |
|---|---|
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| SHERIFF RICHARD FEWELL, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a partial motion for summary judgment, **Doc. 28**, filed by defendants and referred to me by the district judge.

This is a civil rights suit filed by the mother, siblings and illegitimate child of Charles Green, Jr., who was shot and killed by police after a high speed chase. The suit states that it is filed pursuant to 42 U. S. C. 1983 and other statutes to redress violations of the Fourth and Fourteenth Amendments to the United States Constitution.

Because plaintiffs admit in their complaint that Green is survived by a child and the child is a plaintiff in this suit, the mother and siblings have no cause or right of action for Constitutional violations and were, therefore, dismissed as party plaintiffs by the district judge.

Now, defendants argue that there is no genuine issue of material fact that Deputy Chelette was justified in using deadly force and that the suit should be dismissed.

1

## Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried. Since plaintiff has not attempted to controvert any of the specific facts stated in the defendant's statement of undisputed facts, those facts will be deemed admitted for purposes of this motion.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 at 2552; International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the nonmovant's case. Little v. Liquid Air Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

Facts

On March 18, 2003, Deputies Todd Newton and Jason Pleasant were on duty and

observed a 1993 Buick travel into the oncoming lane of travel. The two deputies attempted to stop the car and activated their overhead flashing lights. The car then accelerated and ran a stop sign at a high rate of speed. The car then ran a flashing red light and eventually came to a sliding stop in a gravel parking lot near a drainage canal. The two occupants of the vehicle, one of whom was plaintiff's decedent, Charles Green Sr., fled the vehicle and officers Newton and Pleasant chased the driver, Manuel Lee Seals, while Deputy Dale Chelette, who had arrived on the scene, pursued Green. Green was pursued through the yards of several residences and Chelette gave several commands to stop. Chelette says he attempted to hit Green with his Taser gun but failed to connect.

It is at this point that the stories of plaintiff and defendants significantly diverge. Chelette claims that Green began to turn and approach him "in a threatening manner". Chelette says Green pointed a gun at him and he heard the sound of a trigger being pulled several times. However, the gun never fired, he says. Chelette had taken cover behind a garbage can. When he came out, Green was running away and Chelette saw him jump a small fence. Green then again pointed his gun at Chelette and Chelette fired four times at Green. Green was later pronounced dead from a gunshot wound.

Plaintiff, on the other hand, claims that Chelette shot Green at least once in the back, tending to prove that Chelette shot Green while he was fleeing. Plaintiffs further allege that Chelette never attempted to use his Taser gun.

In support of their motion, defendants have filed the depositions of Deputies Chelette, Newton, and Blunschi as well as the deposition of the driver. However, in their four page memorandum in support of summary judgment, defendants make not a single reference to any

4

specific deposition page or specific testimony in the nearly four hundred pages of deposition testimony they submitted. The court will not comb through the depositions in a search for evidence which supports the defendants version of the facts.

In opposing the motion, plaintiff relies on the autopsy report of Green, submitted by defendants. That report shows that Green was found to have suffered a fatal gunshot wound to his abdomen, but also had a superficial graze wound to the left back.
No Taser wounds were identified.

At the very least, there is a question of whether the back wound occurred before or after the fatal shot. If it occurred before, then it may be that Green was fleeing when shot by Deputy Chelette. There exist genuine issues of material fact as to the reasonableness of Deputy Chelette's actions.

For the foregoing reasons, IT IS RECOMMENDED that the motion for summary judgment, Doc. #28, be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72 (b), the parties have twenty (20) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge prior to a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN TWENTY (20) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE. <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).**

**THUS DONE AND SIGNED** in chambers, in Alexandria, Louisiana, this the 9th day of December, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE