# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **ERNESTINE GREEN, ET AL.** | **CIVIL ACTION NO. 04-697** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SHERIFF RICHARD FEWELL, ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

# RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 28] filed by Defendants Ouachita Parish Sheriff Richard Fewell ("Fewell") and Deputy Dale Chellette ("Chellette") (collectively "the Defendants").

Magistrate Judge James D. Kirk has issued a Report and Recommendation [Doc. No. 35] recommending that the Defendants' motion be denied.

For the following reasons, the Court ADOPTS Magistrate Judge Kirk's recommendation with the following additional analysis.

## I. FACTS AND PROCEDURAL HISTORY

This is a civil rights action by Plaintiff Jacqueline Powell ("Powell") on behalf of her minor child, Chenell Powell ("Chenell"). Chenell is the daughter of Charles Green ("Green"). Powell[1] filed suit pursuant to 42 U.S.C. § 1983 seeking redress for violations of the Fourth and Fourteenth Amendments of the United States Constitution.

On October 20, 2005, the Defendants filed a Motion for Summary Judgment to dismiss

---

[1] The Court previously determined [Doc. No. 27] that Green's mother and siblings had no standing to bring a § 1983 action, and dismissed their claims.

Powell's § 1983 claims.

On November 22, 2005, Plaintiffs filed a Memorandum in Opposition [Doc. No. 34].

On December 9, 2005, Magistrate Judge James D. Kirk issued a Report and Recommendation recommending that the Defendants' Motion for Summary Judgment be denied.

For the following reasons discussed below, the Court ADOPTS the Magistrate Judge's recommendation that the Defendants' Motion for Summary Judgment on Powell's § 1983 claims against Chellette be DENIED.

However, the Magistrate Judge failed to address the Defendants' argument that Powell's § 1983 claims fail against Fewell in his official and individual capacity. For the following reasons, the Court concludes that the Defendants' Motion for Summary Judgment on the claims against Fewell in his official capacity should also be DENIED.

## II.   LAW AND ANALYSIS

The Court reviews *de novo* a magistrate judge's report and recommendation if a party files specific, written objections within ten days of service. 28 U.S.C. § 636(b)(1). In the present case, the Defendants timely filed objections [Doc. No. 36] to the Magistrate Judge's Report and Recommendation, thus warranting *de novo* review by the Court.

### A.   Motions for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its

motion by identifying portions of the record that highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B.     42 U.S.C. § 1983

State officials may be sued in both their official and individual capacities under § 1983. *See Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 (5th Cir. 1994). However, the legal analysis is different. While officials are entitled to qualified immunity if they are sued in their individual capacities, they are not entitled to qualified immunity if they are sued in their official capacity. *Salas v. Carpenter*, 980 F.2d 299, 301 (5th Cir. 1992).

####     1.     Officials Sued in Their Individual Capacity

3

In the Defendants' Motion for Summary Judgment they state that Fewell is not liable under § 1983 in his individual or official capacity. However, neither the Defendants nor Powell distinguish between Fewell in his individual capacity and Fewell in his official capacity. The only evidence presented to the Court deals with Fewell in his official capacity. Because the Court has not been presented with any evidence as to whether Fewell is liable under § 1983 in his individual capacity, the Court will not address this claim.

### 2. Officials Sued in Their Official Capacity

It is settled law that merely demonstrating a constitutional violation by a municipal employee is insufficient to establish liability of an employer or supervisor for violations of § 1983. *See Monell v. Dep't. of Social Serv.*, 436 U.S. 658, 663 n.7 (1978); *see also Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (finding that sheriff cannot be vicariously liable for the acts or omissions of his or her deputies). Instead, a plaintiff must show that the employer or supervisor directly participated in the alleged wrong or, in the alternative, that the employer's or supervisor's behavior was "deliberately indifferent" to the plaintiff's constitutional rights. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

While Powell does not allege that Fewell directly participated in the death of Green, Powell argues that he acted with deliberate indifference by failing to properly train Chellette. To establish § 1983 liability against an employer or supervisor for failing to properly train, "the plaintiff must show that: (1) the police chief failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir.

4

2003).

The Defendants argue that Powell's § 1983 claims against Fewell do not present a genuine issue of fact that he failed to properly train Chellette. The Defendants argue that Powell has failed to take Fewell's deposition or assert facts through affidavit or otherwise to support her allegation against Fewell.

Powell argues that a genuine issue of material fact exists as to whether Chellette was properly trained. Chellette testified in his deposition that it was the policy and procedure of the Ouachita Parish Sheriff's Office office to shoot a taser gun at fleeing suspects. Powell claims that because Chellette was not disciplined or investigated for shooting a taser gun at Green while he was fleeing, it was the policy of Fewell to allow the use of excessive force. *See Grandstaff v. City of Borger*, 767 F.2d 161, 170-71 (5th Cir. 1985) (Because proof of a policy may be difficult to prove, "[t]he disposition of the policymaker may be inferred from his conduct after the events" when there are no reprimands, discharges, or admission of errors).

The Court finds that summary judgment is inappropriate at this time because a genuine issue of material fact exists as to whether the use of a taser under these circumstances may be considered excessive force, and whether Fewell properly trained Chellette in using a taser. The Defendants' Motion for Summary Judgment on the § 1983 claim against Fewell in his official capacity is DENIED.

### III. CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge James D. Kirk's Report and Recommendation [Doc. No. 25] that the Defendants' Motion for Summary Judgment on Powell's § 1983 claims against Chellette be DENIED.

The Court also finds that the Defendants' Motion for Summary Judgment on Powell's § 1983 claim against Fewell in his official capacity is DENIED.

MONROE, LOUISIANA this 30th day of January, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE