
RECEIVED
IN MONROE, LA
JUL 11 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ERNESTINE GREEN, ET AL. | CIVIL ACTION NO. 04-0697 |
| VERSUS | JUDGE ROBERT G. JAMES |
| RICHARD L. FEWELL, ET AL. | MAG. JUDGE JAMES D. KIRK |

## RULING

Pending before the Court is a "Motion for Judgment Notwithstanding the Verdict, and Alternatively Motion for New Trial" [Doc. No. 93] filed by the Plaintiff Jacqueline Powell.[1] Defendant Dale Chellett has filed a memorandum in opposition. [Doc. No. 25]. The Plaintiff has filed a reply [Doc. No. 97].

## I.  FACTS AND PROCEDURAL HISTORY

This was an excessive force case brought by the Plaintiff Jacqueline Powell, on behalf of her daughter Chenell Powell, against Defendants Sheriff Richard Fewell and Deputy Dale Chellett ("Chellett"). The Plaintiff filed suit under 42 U.S.C. § 1983, claiming Chellett used excessive force against Chenell Powell's father, Charles Green ("decedent"), when Chellett shot and killed him following a high speed chase. The Plaintiff also alleged that Chellett committed a battery

---

[1] The Court notes that the 1991 amendments to Federal Rule of Civil Procedure 50 combined motions for directed verdict and motions for judgment notwithstanding the verdict into a judgment as a matter of law. However, the commentary to the rules reflects that the legal standard for granting and reviewing such motions remains unchanged. *See Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 263 n. 2 (5th Cir. 1994) (citing to Federal Rule of Civil Procedure 50).

1

against the decedent and was negligent in his death.

On April 17, 2006, jury trial began. During the trial of this matter, on April 18, 2006, Defendants made a timely oral and written "Motion for FRCP Rule 50 Judgment as a Matter of Law" [Doc. No. 72]. On April 19, 2006, the Plaintiff also made a timely oral motion for judgment as a matter of law. Pursuant to the provisions of Rule 50 of the Federal Rules of Civil Procedure, the Court took the motions under advisement and submitted the case to the jury.

On April 19, 2006, the jury rendered its verdict, finding that Sheriff Richard Fewell and Chellett did not violate § 1983. The jury also found that, although Chellett committed a battery against decedent, he acted in self-defense. The jury further found that the Plaintiff established by a preponderance of the evidence that Chellett was negligent under state law. The jury then determined that decedent was comparatively at fault and apportioned fault between the decedent and Chellett, reducing the amount of damages.[2]

On May 10, 2006, the Court issued a Ruling [Doc. No. 91] denying both parties' motions for judgment as a matter of law. On May 19, 2006, the Court entered Judgment pursuant to the jury's verdict.

On June 5, 2006, the Plaintiff timely filed her renewed "Motion for Judgment Notwithstanding the Verdict, and Alternatively Motion for New Trial" [Doc. No. 93].

## II. LAW AND ANALYSIS

In ruling on a motion for judgment as a matter of law after a verdict is rendered, the Court

---

[2]The jury awarded the Plaintiff damages in the amount of $18,000.00. However, after fault was apportioned the Plaintiff's damages were reduced to the amount of $2,700.00.

must determine whether "'the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict.'" *American Home Assur. Co. v. United Space Alliance*, 378 F.3d 482, 487 (5th Cir. 2004) (quoting *Liberty Mut. Ins. Co. v. Falgoust*, 386 F.2d 248, 253 (5th Cir. 1967)). "Viewing the evidence in the light most favorable to the party against whom the motion is made, the court must give that party the benefit of all reasonable inferences from the evidence." *Brock v. Merrell Dow Pharmaceuticals, Inc.*, 874 F.2d 307, 308 (5th Cir. 1989).

After carefully examining the record in this case, and viewing the testimony and all reasonable inferences in the light most favorable to the Defendant, the Court finds that the jury's factual findings are supported by substantial evidence, and the legal conclusions, implied by its verdict, are supported by those factual findings. Therefore, to the extent the Plaintiff seeks judgment as a matter of law, her motion is DENIED.

Alternatively, the Plaintiff argues that she should be awarded a new trial on the issue of damages because the amount of damages awarded to her shocks the conscience. Rule 59 of the Federal Rules of Civil Procedure provides, in relevant part: "A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . ." Fed. R. Civ. P. 59(a).

The Fifth Circuit has held that Rule 59 "allows a trial court to grant a new trial based on its assessment of the fairness of the trial and the reliability of the jury's verdict." *Seidman v. American Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991). Although Rule 59 does not specify or limit the

grounds necessary to support such a decision, the Fifth Circuit has noted that a "new trial may be granted if the trial court finds that "the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed." *Id*; *see also* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2805 (2d ed. 1995).

"Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). "A new trial is warranted if the [verdict] is against the great, and not merely the greater, weight of the evidence." *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982).

Based on the evidence presented at trial, the Court also finds that the jury's verdict was supported by sufficient evidence in the record and that the verdict was fair, reliable, and did not result in a miscarriage of justice. Therefore, to the extent that the Plaintiff alternatively seeks a new trial, her motion is also DENIED.

## III. CONCLUSION

For the foregoing reasons, the Plaintiff's "Motion for Judgment Notwithstanding the Verdict, and Alternatively Motion for New Trial" [Doc. No. 93] is DENIED.

Monroe, Louisiana, this \_\_11\_\_ day of \_\_July_____, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

4